# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAMAR ANDERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-15-3357 |
| OFFICER AKHERE OKOJIE | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

In response to the above-captioned civil rights complaint, Defendant moves to dismiss for failure to state a claim. ECF 25. Plaintiff was advised by letter from the Clerk of his right to file an Opposition Response and of the consequences of failing to do so. ECF 26. In response, Plaintiff filed two pieces of correspondence (ECF 27 & 28), neither of which address the assertions raised by Defendant. Rather, Plaintiff appears to accuse the Clerk or this Court of siding with Defendant and claims he has been unfairly denied counsel and improperly ordered to pay the filing fee pursuant to 28 U.S.C. §1915. *Id.* No hearing is required to resolve the matters pending. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's motion shall be granted and the complaint dismissed without prejudice.

### Background

By his complaint, Plaintiff Shamar Anderson, an inmate committed to the custody of the Department of Public Safety and Correctional Services and confined to Western Correctional Institution (WCI), asserts that on March 11, 2014, while he was confined at Maryland Correctional Institution Jessup (MCIJ), he was assaulted by Akhere Okojie, a correctional officer. ECF 1 at p. 4. Anderson states that Okojie punched him in the face while another higher ranking officer was escorting Anderson to segregation. *Id.* He further claims that Okojie's

coworkers, who Anderson does not name, "almost killed me with [mace]." *Id.* Anderson explains that two and one-half cans of mace were deployed and some of it went into Anderson's mouth and nose. *Id.* He claims his "skin was red hot, burning up." *Id.*

As relief, Anderson seeks monetary damages in the amount of $25,600 and cites pain and suffering, loss of school time, and fees required for medical sick call slips. *Id.*

## Standard of Review

### Motion to Dismiss

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

### Exhaustion of Administrative Remedies

Defendant raises the affirmative defense of non-exhaustion and asserts the complaint must be dismissed pursuant to 42 U.S.C. §1997e. ECF 25 at pp. 4 – 7. Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a), *see also Ross v. Blake*, _U.S._, 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). The statute provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)

3

This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Ross*, 136 S.Ct. at 1857, *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones*, 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Jones*, 549 U.S. at 211–12, 216; *Moore*, 517 F.3d at 725.

In *Ross*, the Supreme Court identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison

4

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy procedure ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md Regs. ("COMAR"), tit. 12 §07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR, tit. 12 §07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR, tit. 12 §07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Code Ann. Corr. Servs. §§10-206, 10-210; COMAR, tit. 12 §§ 07.01.03 and 07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO)"). *See* Md. Code Ann., §10-207; COMAR, tit. 12 §07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. §10-207(b)(1); *see* COMAR, tit. 12 §07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Code Ann., Corr. Servs. §10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Code Ann., Cts. & Jud. Proc. §10-208(c); COMAR tit. 12 §07.01.07-.08. The conduct of such hearings is governed by statute. *See* Md. Code Ann., Corr. Servs. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must

make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Code Ann., Corr. Servs. §10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Code Ann., Corr. Servs.§10-210. An inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

## Analysis

Anderson admits in his complaint that he did not file an administrative remedy procedure complaint. ECF 1 at pp. 2 -3. He explains that criminal charges[1] were filed against Okojie for assault and that Anderson "won." *Id.* at p. 3. Anderson also states that he did file a grievance, and the matter was referred to IIU (the Internal Investigations Unit for the Department of Public Safety and Correctional Services) and he was told there would be no further proceedings permitted. *Id.* at p. 3.

In his correspondence to this Court, Anderson does not address the assertion that he has failed to exhaust administrative remedies, but appears to claim that he does not feel he should be required to spend money to provide copies of documents in support of his claim. ECF 27 at p. 2 ("I got to pay for more copies of this and that like I'm lying on the man"). Anderson goes on to posit questions such as "[s]o I guess you and Mr. Akhere Okojie think I should get nothing I should had (sic) died I guess?" *Id.* Anderson further states that he got other officers fired and

---

[1] Anderson provides a criminal case number from the Circuit Court for Anne Arundel County: K-15-00073. ECF 1 at p. 3. Review of the electronic docket on the Maryland Judiciary Case Search cite reveals that Okojie was charged with second-degree assault to which he pled not guilty and probation before judgment was imposed along with a one-hundred dollar fine. *See State of Maryland v. Okojie*, Crim. Case 02-K-15-000073 (Cir. Ct. Anne Arundel Co. 2015) at http://casesearch.courts.state.md.us/inquiry.

6

that now that Okojie was found criminally responsible for an assault, he should receive "justice" for the assault. *Id.*

Anderson's correspondence does not suffice to rebut Defendant's affirmative defense that he failed to exhaust administrative remedies as required by the PLRA. Anderson does not provide a statement under oath regarding any efforts to satisfy those requirements, nor does he attempt to explain the details regarding why he could not. Accordingly, Defendant is entitled to dismissal of the complaint against him based on the affirmative defense raised. Dismissal for failure to exhaust administrative remedies is without prejudice. In dismissing the complaint, however, this Court in no way endorses or condones assault of an inmate by a correctional officer. A separate Order follows.

/s/
William M. Nickerson
Senior United States District Judge

Dated: September 19, 2017